IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ANTHONY LEON SUMMERS | § | |
| VS. | § | CIVIL ACTION NO. 1:07cv504 |
| NATHANIEL QUARTERMAN, ET AL. | § | |

MEMORANDUM OPINION

Plaintiff Anthony Leon Summers, an inmate confined in the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action against prison officials.

Discussion

Plaintiff complains of the conditions of his confinement. Plaintiff claims that the defendants have acted with deliberate indifference to his health. Plaintiff further claims he has been denied due process.

Analysis

Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints. Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

At least five of plaintiff's prior suits or appeals have been dismissed as frivolous or for failure to state a claim.[1]  As a result, Section 1915(g) is applicable.

As set forth above, plaintiff has had at least five prior lawsuits or appeals dismissed as frivolous, malicious, and for failure to state a claim upon which relief may be granted.  The allegations set forth in plaintiff's complaint do not demonstrate that he was in "imminent danger of serious physical injury." Plaintiff's allegations are conclusory and factually insufficient to demonstrate he was in imminent danger of serious physical injury at the time he filed his complaint.  *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).  Further, any fear of future harm is purely speculative.  Section 1915(g) therefore bars plaintiff from proceeding further with this lawsuit on an *in forma pauperis* basis.

## Conclusion

For the reasons set forth above, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).  An appropriate final judgment shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this the **15** day of **November, 2007.**

Thad Heartfield
United States District Judge

---

[1] *See Summers v. Unknown Judges*, Civil Action No. 1:03cv459 (E.D. Tex. Mar. 8, 2004) (dismissed as frivolous): *Summers v. Gibson*, Civil Action No. 1:03cv1406 (E.D. Tex. Jan. 12, 2004) (dismissed as frivolous), *appeal dismissed as frivolous*, No. 04-40101 (5th Cir. Aug. 18, 2004); *Summers v. Goodwell*, Civil Action No. 4:03cv55 (S.D. Tex. Sept. 24, 2003) (dismissed as frivolous and for failure to state a claim); *Summers v. White*, Civil Action No. 1:02cv797 (E.D. Tex. Dec. 19, 2002) (dismissed as frivolous).